UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHEDRICE M.L. BURRELL, ) | |
| ) | |
| Petitioner, ) | Case No. 1:05-cv-306 |
| ) | |
| v. ) | Honorable David W. McKeague |
| ) | |
| JAMES MacMEEKIN, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice for failure to exhaust available state-court remedies.

**Discussion**

    I.        Factual allegations

Petitioner currently is incarcerated in the Newberry Correctional Facility. On April 10, 2000, Petitioner pleaded guilty in the Berrien County Circuit Court to second-degree murder and possession of a firearm during the commission of a felony. He was sentenced to imprisonment of forty to eighty years for the murder conviction and two years for the felony-firearm conviction. The procedural history of Petitioner's case in the state courts is long and circuitous.

Petitioner initially applied for leave to appeal in the Michigan Court of Appeals, raising the following ground for relief:

> THE TRIAL COURT COMMITTED CLEAR ERROR BY DEPARTING FROM THE GUIDELINES WITHOUT ANY STATEMENT EXPLAINING SUBSTANTIAL OR COMPELLING REASON FOR DOUBLING THE HIGHEST MAXIMUM SENTENCE RECOMMENDED IN THE RANGE.

The Michigan Court of Appeals denied Petitioner's application on May 21, 2001, for lack of merit in the grounds presented. Petitioner raised the same claim in his application for leave to appeal in the Michigan Supreme Court, as well as the following supplemental claim:

> DEFENDANT-APPELLANT WAS DENIED HIS CONSTITUTIONAL PROTECTED EQUAL PROTECTION RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTIONAL AMENDMENT 14 SECTION 1 AND ARTICLE 1 SECTION § 2 OF THE MICHIGAN CONSTITUTION; WHERE THE TRIAL COURT ABUSED ITS DISCRETION AT SENTENCING, VIOLATING THE PRINCIPLE OF PROPORTIONALITY AND "SHOCKING THE CONSCIENCE" OF THE JUDICIARY; BY FAILING TO GIVE "SUBSTANTIAL AND COMPELLING" REASONS FOR DOUBLING THE MAXIMUM RANGE ESTABLISHED UNDER THE SENTENCING GUIDELINES.

In lieu of granting leave to appeal, the Michigan Supreme Court issued an order on December 10, 2001, remanding Petitioner's case to the trial court for re-sentencing in light of *People v. Hegwood*, 636 N.W.2d 127 (Mich. 2001). On remand, the trial court reduced Petitioner's minium sentence to

twenty-two-and-a-half years, which was at the top of the guideline range. The prosecutor appealed the new sentence to the Michigan Court of Appeals. In lieu of granting leave to appeal, the court of appeals remanded to the trial court, stating:

> It appears that the circuit court read the Supreme Court's remand order as precluding a departure from the guidelines. However, the order carried no such limits and simply directed the court to recognize that a departure could not be based on a dissatisfaction with the guidelines, but only a finding on the record of a substantial and compelling reason for departure. On remand, the circuit court is directed to state on the record whether there is a substantial and compelling reason for departure that is objective and identifiable. If the court determines that such a reason or reasons exist, the court shall state the reason or reasons on the record, and re-sentence defendant as the court determines is appropriate. If the court determines that such reason does not exist, it shall find so, and shall not re-sentence.

(6/19/02 Mich. Ct. App. Ord., Appendix A.) Apparently, on remand for the second time, the trial court placed on the record a substantial and compelling reason for departing from the guidelines and re-sentenced Petitioner to the original minimum sentence of forty years.

Petitioner appealed to the Michigan Court of Appeals raising the following claim of error:

> DEFENDANT BURRELL MUST BE RESENTENCED WHERE THE TRIAL COURT ERRED IN SCORING DEFENDANT'S SENTENCING GUIDELINES AND DEPARTED FROM A MINIMUM RANGE WITHOUT SUBSTANTIAL AND COMPELLING REASONS THAT WERE NOT ACCOUNTED FOR BY THE GUIDELINES.

In lieu of granting leave to appeal, the court of appeals issued an order on October 29, 2003, vacating the judgment of sentence and remanded Petitioner's case for resentencing, this time in conformance with a second new case, *People v. Babcock*, 666 N.W.2d 231 (2003). However, upon the prosecutor's motion for reconsideration, the court of appeals vacated its order of October 29, 2003, and denied petitioner's application for leave to appeal for lack of merit in the grounds presented.

3

Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same claim presented in the Michigan Court of Appeals, as well as the following two supplemental claims:

> DEFENDANT IS ENTITLED TO RESENTENCING BECAUSE THE SENTENCING GUIDELINES WAS [SIC] ENHANCED BY THE SCORING OF OFFENSE VARIABLE 2, 3, 5, AND 12; AND THE TRIAL JUDGE DEPARTED ON THE BASIS OF FACTS NOT PROVEN TO A JURY BEYOND A REASONABLE DOUBT NOR ADMITTED BY THE DEFENDANT AT HIS PLEA, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS.
>
> DEFENDANT IS ENTITLED TO RESENTENCING BECAUSE THE SENTENCING JUDGE DEPARTED ABOVE THE STATUTORY SENTENCING GUIDELINES RANGE FOR REASONS NOT PROVEN TO A JURY BEYOND A REASONABLE DOUBT NOR ADMITTED BY THE DEFENDANT IN HIS PLEA, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS.

The Michigan Supreme Court denied Petitioner's application for leave to appeal on November 22, 2004.

Petitioner now raises the following two grounds for habeas corpus relief:

> THE TRIAL JUDGE VIOLATED PETITIONER'S SIXTH AND FOURTEENTH FEDERAL CONSTITUTIONAL AMENDMENT RIGHTS TO DUE PROCESS AT SENTENCING BY ERRONEOUSLY ENHANCING THE SENTENCING GUIDELINES AND SCORE WITH THE SCORING OF OFFENSE VARIABLES 2, 3, 5, AND 12.
>
> THE TRIAL COURT VIOLATED PETITIONER'S SIXTH AND FOURTEENTH FEDERAL CONSTITUTIONAL AMENDMENT RIGHTS TO DUE PROCESS BY FAILING TO GIVE SUBSTANTIAL AND COMPELLING REASONS FOR DEPARTING ABOVE THE STATUTORY SENTENCING GUIDELINES.

II.     Lack of Exhaustion

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's

constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner's grounds for habeas corpus relief, although somewhat restructured, were contained among those arguments presented for the first time in his final application for leave to appeal in the Michigan Supreme Court. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669

(7th Cir. 1990). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and thus, his new issues were not reviewed.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. M.C.R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a habeas petition for lack of exhaustion could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The *Palmer* court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.[1] Because there are more than sixty days remaining in the limitations period, Petitioner is not in danger

---

[1] The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

of running afoul of the statute of limitations so long as he diligently pursues his state court remedies.[2] Therefore, a stay of these proceedings is not warranted.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because he has failed to exhaust state court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas

---

[2]Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Michigan Supreme Court denied his application on November 22, 2004. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on February 22, 2005. Therefore, Petitioner has one year, until February 22, 2006, in which to file his habeas petition.

action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural grounds of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

8

A Judgment consistent with this Opinion will be entered.


Dated:  May 27, 2005                                         /s/   David W. McKeague
                                                                David W. McKeague
                                                                United States District Judge